UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
2:16-cv-10639-JCO-MKM

| | |
|---|---|
| DAR'SHA L. HARDY,<br><br>Plaintiff,<br><br>v.<br><br>IRON STREET PROPERTIES, LLC, d/b/a RIVER PARK LOFTS, BOYDELL DEVELOPMENT, INC and DENNIS KEFALLINOS,<br><br>Defendants. | **PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

## INTRODUCTION

Plaintiff hereby respectfully moves the Court to grant her Motion to Compel Defendants to amend and/or supplement their responses to:

## INTERROGATORIES

**Interrogatory No. 1**
**Identify the name, address, telephone numbers of all past and present owners, board members, and/or employees of BOYDELL DEVELOPMENT, INC.**

**Interrogatory No. 2**
**Please identify all owners, partners, directors or of-ficers of BOYDELL DEVELOPMENT, INC, from May 28, 2012, to the present and state the dates during which each held his or her posi-tion or ownership share and, for each owner, the amount of his or her ownership share**

1

**Interrogatory No. 3**
**Identify the name and location of each and every housing property/community that is owned or operated by BOYDELL DEVELOPMENT, INC or which is owned or operated by all past and present owners or board members of BOYDELL DEVELOPMENT, INC Place.**

**Interrogatory No. 4**
**Please describe the business of defendant BOYDELL DEVELOPMENT, INC, including, but not limited to, its form of organization, the jurisdiction in which it is legally organized, all jurisdictions in which it does business and the primary place where its business is conducted.**

**Interrogatory No. 5**
**Identify the names, job titles, dates of employment of each and every person who, since February 5, 1997 has been employed or worked at IRON STREET PROPERTIES, LLC, d/b/a RIVER PARK LOFTS, in any capacity, or provided rental management services for the subject property. You shall include the identity of every individual who worked at the subject property even if that person was employed by another company.**

**Interrogatory No. 6**
**Please state all positions that Liz Telegadas has held and duties, functions or responsibilities, formal or infor-mal, that Ms. Telegadas has had with respect to any cooperative unit owned or managed by any defendants, stating for each the title of the position, if any, that Ms. Telegadas held, the dates during which she held the position or had the duties, functions or responsibilities, the property or properties for which she was responsible, the individu-al to whom she reported (identifying for each his or her position and dates of tenure and describing his or her duties) and all documents describing in any way the duties, functions and responsibilities that she held or holds, including, but not limited to, job vacancy announcements, job or position descriptions, manuals, handbooks, policies,**

memoranda, and reports, journals and logs referring or re-lating to work actually accomplished.

**Interrogatory No. 7**
Please identify all employees, agents or representa-tives of defendants who have had any duties, functions or responsibilities related to the selling, leasing, management or maintenance of BOYDELL DEVELOPMENT, INC from May 28, 2012, to the present and, for each, specify his or her po-sition, the dates of his or her tenure, the property or prop-erties for which each was or has been responsible, the individual(s) to whom each reported (identifying for each his or her position and dates of tenure and describing his or her duties) and all documents describing in any way the duties, functions and responsibilities, either formal or informal, of the position(s) each held and/or holds, includ-ing, but not limited to, job vacancy announcements, job or position descriptions, manuals, handbooks, policies, memoranda, and reports, journals and logs referring or re-lating to work actually accomplished.

**Interrogatory No. 8**
Identify BOYDELL DEVELOPMENT, INC's record retention policies from May 28, 2012, to the present and if such record retention policies are in writing, please attach them to these Interrogatory Answers.

**Interrogatory No. 9**
Identify the storage location(s) for all records, which include but are not limited to, past and present tenant information, prospective tenant data, rental receipts, guest cards, if any, and applications for rental that have been maintained by BOYDELL DEVELOPMENT, INC.

**Interrogatory No. 10**
Identify the criteria that BOYDELL DEVELOPMENT, INC uses to determine what makes a tenant qualified to rent at the subject property, including all factors you use or have used to evaluate an application for ownership and if this criteria is in writing, attach it to these Interrogatory Answers.

**Interrogatory No. 11**
**Identify the criteria that BOYDELL DEVELOPMENT, INC uses to determine what makes a tenant with minor children qualified to rent at the subject property, including all factors you use or have used to evaluate an application for ownership and if this criteria is in writing, attach it to these Interrogatory Answers.**

**Interrogatory No. 12**
**Identify the policy or practice used by BOYDELL DEVELOPMENT, INC to follow up with individuals who inquire about vacancies at BOYDELL DEVELOPMENT, INC, stating with specificity any criteria BOYDELL DEVELOPMENT, INC uses to determine whether it will follow up with any particular individual and if such criteria is in writing, attach it to these Interrogatory Answers.**

**Interrogatory No. 13**
**Identify any and all fair housing training BOYDELL DEVELOPMENT, INC has provided for its owners, employees, and/or agents by date in the last ten (10) years.**

**Interrogatory No. 14**
**Identify the name, address, telephone number and familial status of each person who has inquired and/or applied for a cooperative at BOYDELL DEVELOPMENT, INC Place from May 28, 2012 to the present.**

**Interrogatory No. 15**
**Identify the name, address, telephone number, race and familial status of all tenants at BOYDELL DEVELOPMENT, INC Place for each year from May 28, 2012 to the present.**

**Interrogatory No. 16**
**Identify the total number of minor children tenants at BOYDELL DEVELOPMENT, INC from May 28, 2012 to the present.**

**Interrogatory No. 17**
**Identify the total number of African-American tenants at BOYDELL**

| |
|---|
| **DEVELOPMENT, INC from May 28, 2012 to the present.** |
| **Interrogatory No. 18**<br>**Identify and describe the form(s), manner and frequency of advertising related to BOYDELL DEVELOPMENT, INC from May 28, 2012, to the present, including the name of the newspaper, television or radio station, internet website, or other medium in which you placed advertising, the dates of such advertising and the substance of the advertising, attaching all such advertisements to these Interrogatory Answers.** |
| **Interrogatory No. 19**<br>**Identify and attach to these Interrogatory Answers all descriptive brochures, fliers, etc. in use by BOYDELL DEVELOPMENT, INC from May 28, 2012, to the present, which are provided to individuals who inquire about units at BOYDELL DEVELOPMENT, INC or applicants who apply for tenancy at BOYDELL DEVELOPMENT, INC.** |
| **Interrogatory No. 20**<br>**Identify all administrative and judicial actions to which BOYDELL DEVELOPMENT, INC has been a named party from the date of its incorporation to the present which involved fair housing, racial discrimination or familial status issues.** |
| **Interrogatory No. 21**<br>**Identify whether BOYDELL DEVELOPMENT, INC currently has a policy of insurance through which it is insured for claims, actions or damages that are at issue in the instant lawsuit, and for each such policy, identify:**<br>**a. The name and address of the insurance company;**<br>**b. The type of coverage;**<br>**c. The name, address and telephone number of each insured;**<br>**d. The policy limits; and**<br>**e. The dates of coverage.  Please attach all such insurance policies to these interrogatories.** |
| **Interrogatory No. 22** |

**Describe in detail the basis for each of the de-fenses raised in Defendants' answer to the First Amended Complaint in this action and identify all documents and individuals containing or possessing knowledge or information refer-ring, relating to or supporting each such defense and identify the substance of the relevant information con-tained in or possessed by each document or individual.**

**Interrogatory No. 23**
**Please identify each person you believe to have knowl-edge or information concerning any of the incidents or al-legations in the First Amended Complaint; describe each such person's knowledge and/or the information he or she possesses, and state whether defendants or their counsel have obtained or requested a statement or information from the person regarding the allegations of plaintiffs' complaint in this action.**

**Interrogatory No. 24**
**If in response to any of Plaintiff's Interrogatories, Requests for Admission, Requests for Production of Documents, Defendants denied same, please state with specificity the factual basis for the denial of same.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request for Production of Documents #1:**
**All documents maintained for each resident or tenant in each and every housing property/community that is owned or operated by BOYDELL DEVELOPMENT, INC or which is owned or operated by all past and present owners or board members of BOYDELL DEVELOPMENT, INC Place from May 28,2012, to the present including, but not limited to, applications, leases, rental agreements, criminal background checks, security deposits, and other receipts, correspondence, and notices of intent to evict.**

**Request for Production of Documents #2:**
**All documents which identify the name, address, telephone numbers, age**

| |
|---|
| and dates of occupancy, for all resident or tenant from May 28,2012 to present. |
| **Request for Production of Documents #3:**<br> All waiting lists of prospective tenants, in each and every housing property/community owned or managed by you, or related documents prepared during the period from May 28,2012 to present. |
| **Request for Production of Documents #4:**<br>All completed applications to rent every housing property and owned or managed by you, and any other document used to obtain information from applicants or persons inquiring about cooperative units which was pre-pared or completed during the period May 28,2012 to present. |
| **Request for Production of Documents #5:**<br>All other documents concerning inquiries made regarding the availability of rental units such as letters of inquiry, telephone logs, appointment records, calendars or notes, prepared during the period May 28, 2012 to present; and all documents relating to each request, including approvals, denials, referrals and requests for additional information. |
| **Request for Production of Documents #7:**<br>All documents not otherwise produced which support or rebut the claims set forth in the Amended Complaint and/or which support the responses set forth in your Answer to the Amend Complaint filed by you in this matter. |

Defendants' failure to either supplement their current deficient responses, or in certain circumstances to provide any information at all, necessitates the present motion even after the Plaintiff complied with Local Rule 7.1(a)(1) and attempted to meet and confer to resolve the discovery disputes. Accordingly, Plaintiff now asks the Court to compel Defendants to provide Plaintiff with the requested

information, documents and relief pursuant to Rule 37(a)(5)(A).  In addition to granting her Motion, Plaintiff seeks her attorney's fees and costs pursuant to Rule 37(a)(5)(A) incurred in bringing this Motion.

                                                 Respectfully submitted,

Dated: August 11, 2016             **STEPHEN A THOMAS, PLC**

                                                 By:  **s/Stephen A. Thomas**
Stephen A. Thomas, Esq.
Attorney I.D. P43260
645 Griswold Street, Suite 1360
Detroit, Michigan 48226
Telephone:  (313) 965-2265
sthomas@313965bank.com

sat/                                              **Attorney for Plaintiff**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
2:16-cv-10639-JCO-MKM

| | |
|---|---|
| DAR'SHA L. HARDY,<br><br>Plaintiff,<br><br>v.<br><br>IRON STREET PROPERTIES, LLC, d/b/a RIVER PARK LOFTS, BOYDELL DEVELOPMENT, INC and DENNIS KEFALLINOS,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

## INTRODUCTION

Plaintiff hereby respectfully moves the Court to grant her Motion to Compel Defendants to amend and/or supplement their responses to multiple discovery requests that are at the heart of factual and legal issues in the case. Defendants' failure to either supplement their current deficient responses, or in certain circumstances to provide any information at all, necessitates the present motion even after the Plaintiff complied with Local Rule 7.1(a)(1) and attempted to meet and confer to resolve the discovery disputes. *See Sworn Declaration of Stephen A. Thomas ¶¶4-5.* In addition to granting his Motion, Plaintiff seeks her attorney's

1

fees and costs pursuant to Rule 37(a)(5)(A) incurred in bringing this Motion. *See Thomas Dec. ¶6.*

## STATEMENT OF FACTS

On May 28, 2015, Plaintiff Dar'sha L. Hardy inquired for residence for herself and her minor child at the River Park Lofts located at 227 Iron Street in Detroit, MI. That Plaintiff was informed by the rental agent "Liz" that the subject Iron Street property has a **_No kids in this building policy_**, which is in violation of the Fair Housing Amendments Act of 1988 that prohibits discrimination against families with children under the age of 18 as set forth in the statute referred as familial status. In addition, Plaintiff lost her job downtown because she did not have nearby housing.

On February 22, 2016, Plaintiff filed the present case against Defendants alleging violations of the Violation of the Fair Housing Amendments Act of 1988 and Violation of her Civil Rights. Defendants filed their Amended Answer on April 18, 2016.

On June 24, 2016, Plaintiff served discovery requests upon Defendants. *See Thomas Dec. ¶2* On July 25, 2016, Defendants served blank interrogatory responses and produced no documents in response to the request for production of documents making only boilerplate objections.

2

On July 25, 2016, Counsel for Plaintiff sent an email to Defendants' counsel that the Defendants' responses were blank. On August 1, 2016, Plaintiff sent Defendants' counsel a letter in accordance with Local Rule 7.1(a)(1) in an effort to resolve any outstanding discovery issues in connection with its insufficient responses. *See Thomas Dec. ¶4, Ex. 2.* The August 1, 2016, letter requested that the parties meet and confer at 1:00 PM EST, on Tuesday, August 9, 2016, in an effort to discuss the Defendants' serious discovery deficiencies and avoid the necessity of the instant motion practice.

Defendants' counsel did not respond to the July 25, 2016 email or the August 1, 2016 letter. Defendants then failed to appear as scheduled for the teleconference on Tuesday, August 9, 2016 at 1:00 P.M. EST. Moreover, Defendants failed to supplement or amend their responses, and again failed to produce any documents and failed to withdraw their groundless objections.

This Honorable Court's intervention is required in order to bring Defendants' into compliance not only with the letter of the law, but also with the spirit of the law, and the federal discovery Rules. These discovery requests are fair, especially considering Defendants' illegal housing practices to the public. This information will assist Plaintiff in litigating her case. There is no justification for Defendants withholding any of this discovery and the issues raised thereby are directly relevant to this case. These are reasonable, narrow, requests, seeking

discoverable and highly relevant material, and Defendants do not have a right to withhold this information.

## ARGUMENT

Defendants have failed to respond to Interrogatories and failed to produce document in response to Request for Production of Documents.  Federal Rule of Civil Procedure 33(b)(2) states that a responding party must serve its answers and any objections within 30 days after being served with the interrogatories.  Federal Rule of Civil Procedure 34(b)(2) states that a party to whom a request to produce is directed must respond in writing within 30 days after being served.  To the present date, Defendants have failed to respond to Plaintiff's Interrogatories and Request for Production of Documents.  Therefore, Plaintiff seeks an order compelling a response to each.

Federal Rule of Civil Procedure 26(b)(1) states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation . . . ."  A party may move for an order compelling discovery where a party fails to respond as requested under Fed. R. Civ. P. 33 or 34. Fed. R. Civ. P. 37(a)(3)(iii)-(iv). "[A]n

evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Id. at 37(a)(3)(4).

Federal Rule of Civil Procedure 34(b)(2) requires the responding party to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.... An objection to part of a request must specify the part and permit inspection of the rest." Fed.R.Civ.P. 34(b)(2)(B) & (C). Plaintiff submits that to the extent that Defendants' objections are not specific and do not comply with the Federal Rules, those objections have been waived.

## RELIEF REQUESTED

For each of the reasons set forth above, the Plaintiff, respectfully requests this Honorable Court enter an Order compelling Defendants to respond fully and completely to each interrogatory and request for production of documents forthwith and award attorney's fees and costs pursuant to Rule 37(a)(5)(A) incurred in bringing this Motion.

Respectfully submitted,

Dated: August 11, 2016  **STEPHEN A THOMAS, PLC**

By: **s/Stephen A. Thomas**
Stephen A. Thomas, Esq.
Attorney I.D. P43260
645 Griswold Street, Suite 1360

5

Detroit, Michigan 48226  
Telephone: (313) 965-2265  
sthomas@313965bank.com

sat/ **Attorney for Plaintiff**

**Certificate of Service**

I, Stephen A. Thomas, hereby state that on August 11, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

August 11, 2016
/s/ Stephen A. Thomas  
STEPHEN A. THOMAS P43260  
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
2:16-cv-10639-JCO-MKM

| | |
|---|---|
| DAR'SHA L. HARDY,<br><br>Plaintiff,<br><br>v.<br><br>IRON STREET PROPERTIES, LLC, d/b/a RIVER PARK LOFTS, BOYDELL DEVELOPMENT, INC and DENNIS KEFALLINOS,<br><br>Defendants. | **SWORN DECLARATION OF STEPHEN A. THOMAS** |

**SWORN DECLARATION**

I, Stephen A. Thomas, declare under penalty of perjury as follows:

1. That I represent the Plaintiff in this matter.

2. That on June 24, 2016, Plaintiff served Interrogatories, Requests for Admissions, Requests for Production of Documents, and Requests for Production of Statements on Defendants in connection with this case.

3. That attached hereto as **Exhibit 1** is a true and correct copy of part of Defendants' Joint Discovery Responses, dated July 25, 2016.

4. That attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's Local Rule 7.1(a) Request to Meet and Confer dated August 1, 2016, consisting of 12 pages.

1

5.      That attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff's email requesting to supplement responses.

6.      That I have reasonably expended 16.5 hours in the preparation of these motion papers herein, and my current billable hourly rate is $325.00 per hour for Federal court work.

7.      I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 11, 2016                  Signed: **s/Stephen A. Thomas**