UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
5:16-cv-10639-JCO-MKM

| | |
|---|---|
| FAIR HOUSING CENTER OF METROPOLITAN DETROIT,<br><br>Plaintiff,<br><br>v.<br><br>IRON STREET PROPERTIES, LLC, d/b/a RIVER PARK LOFTS, BOYDELL DEVELOPMENT, INC. and DENNIS KEFALLINOS,<br><br>Defendants. | **REPORT ON JOINT RULE 26(f) CONFERENCE** |

The counsel identified below participated in the meeting required by Federal Rules of Civil Procedure 26(f) on and after October 13, 2016, via telephone and or email thereafter and prepared the following report.  The scheduling conference in this matter is scheduled to occur on October 21, 2016 at 10:00 a.m. Local Time (unless a Rule 26(f) Plan is filed) before Honorable John Corbett O'Meara, 200 E. Liberty Street, Suite 400, Ann Arbor, Michigan 48104.   All counsel for the parties will appear in person on the date and time.

**1.     Date and Place of the Meeting; Identification of the Parties and Their Attorneys.**

a.     The date and place at which the meeting was held.

The parties conferred on Thursday October 13, 2016, via telephone and email thereafter.

b.     Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting.

**Plaintiff:**

FAIR HOUSING CENTER
OF METROPOLITAN DETROIT
c/o Stephen A. Thomas, Esq.
Stephen A. Thomas, PLC
645 Griswold Street, Suite 1360
Detroit, MI 48226
313-965-2265

**Attorney for Plaintiff:**

Stephen A. Thomas, Esq.
Stephen A. Thomas, PLC
645 Griswold Street, Suite 1360
Detroit, MI 48226
313-965-2265
sthomas@313965bank.com

**Defendants:**

Iron Street Properties, LLC, d/b/a River Park Lofts
1600 Clay Street, Suite 100
Detroit, MI 48211

Boydell Development, Inc.
743 Beaubien, Suite 201
Detroit, MI 48226

Dennis Kefallinos
743 Beaubien, Suite 201
Detroit, MI 48226
Attorney for Defendants:

Ben M. Gonek, Esq.
Law Offices of Ben M. Gonek, PLLC
500 Griswold Street, Suite 2450
Detroit, MI 48226
(313) 963-3377
ben@goneklaw.com

Attorney for Defendants

c.	Name of insurance carriers that may be liable for the defense or payment of any damage award.

The Defendants believes that this action may not be covered by any insurance policy.

**2.	Description of the Case.**

a.	A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description.

This Court has original jurisdiction of this claim based on causes of action asserted as arising from the laws of the United States as stated in 28 U.S.C. §§ 1343(4), 2201, 2202; 42 U.S.C. § 3613; and the United States Constitution, Article III § 2, specifically the Civil Rights Act of 1866, § 1982 et seq and the Fair Housing Amendments Act of 1988, 42 U.S.C § 3604 et seq.

b.      A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.

**Plaintiff's narrative:**

Plaintiff alleges that Defendants violated both the Fair Housing Amendments Act of 1988 and the Civil Rights Act of 1866 by denying residential housing with its continuing policies and practices to exclude, segregate, and otherwise discriminate on the basis of familial status and race in the rental of residential housing. Plaintiff has standing to bring this cause of action. *Gladstone, Realtors v. Bellwood*, 441 U.S. 91 (U.S. 1979); *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (U.S. 1982)

**Defendants' narrative:**

First of all, the Plaintiff does not have standing to bring this cause of action. The Defendants did not violate the Fair Housing Amendments Act of 1988 and the Civil Rights Act of 1866 by denying residential housing based on race and familial status. Additionally, Defendants could not have rented a unit to Plaintiff even if they wanted to as it would have been illegal to do such. Plaintiff has not sustained any damages.

**3. Pleadings.**

a.     A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings.

**The Complaint and responsive pleading have been filed and no party is seeking to amend its pleadings.**

b.   The date by which all motions to amend the pleadings or add parties will be filed.

**June 30, 2017**

c.   Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

A jury trial is available and has been demanded by Plaintiff.

**4.   Discovery Plan.**

a.   Date by which the initial Rule 26(a)(1) Disclosures of witnesses, documents, itemized damage computations and insurance will be completed.

**November 7, 2016**

b.   Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced.

**None.  Plaintiff is available for a magistrate led mediation.  Plaintiff is interested in minimizing attorney's fees in this case by attempting an early mediation.**

c.   Whether discovery should be conducted in phases, or limited to or focused upon, particular issues.

**Standard. No phasing of discovery is necessary.**

d. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B).

**April 30, 2016**

e. The number of interrogatories each party should be permitted to serve.

The parties shall be permitted to serve 25 interrogatories, including subparts.

f. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take).

**4 (four) depositions per party.**

g. The number of expert depositions each party shall be permitted to take.

**1 (one) expert deposition per party.**

**5. Close of Discovery and Non-dispositive Motions.**

The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

**Discovery: May 31, 2017**

**Non-dispositive motions: June 30, 2017**

**6. Dispositive Motions and Trial.**

a. Date by which all dispositive motions shall be served, filed and heard by the Court.

**July 31, 2017**

b. Date by which case will be ready for trial:

**September 1, 2017** or 30 days after any dispositive motions have been ruled upon, whichever is later.

c. The number of expert witnesses each party expects to call at trial.

**1 (one).**

d. Estimated trial time (including jury selection and instructions, if applicable).

**The parties estimate that it will take 1-2 days to try this case.**

                                                   Respectfully submitted,

Dated: October 17, 2016          */s/ Stephen A. Thomas*
                                              STEPHEN A. THOMAS (P43260)
                                              Attorney for Plaintiff
                                              645 Griswold St., Suite 1360
                                              Detroit, MI 48226
                                              (313) 965-2265
                                              sthomas@313965bank.com

                                              Respectfully submitted,

                                              */s/ Ben M. Gonek*
                                              BEN M. GONEK (P43716)
                                              Attorney for Defendants
                                              500 Griswold Street, Suite 2450
                                              Detroit, MI 48226
                                              (313) 963-3377
                                              ben@goneklaw.com

CERTIFICATE OF SERVICE

I, Stephen A. Thomas, hereby state that on October 17, 2016, I filed the foregoing document using the court's CM/ECF System, and all counsel of record will receive the same.

/s/ Stephen A. Thomas  
Attorney for Plaintiff