## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DAR'SHA L. HARDY**

     **Plaintiff,**               **CIVIL ACTION NO. 16-10639**

        **v.**               **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**IRON STREET**
**PROPERTIES, et al.,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**

     **Defendants.**

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL [18, 28]

This matter comes before the Court on two Motions to Compel filed by Plaintiff Dar'sha L. Hardy. (Docket nos. 18, 28.) Defendants Iron Street Properties, LLC (d/b/a River Park Lofts); Boydell Development, Inc.; and Dennis Kefallinos filed a Response (docket nos. 21, 31) to each of Plaintiff's Motions, and Plaintiff filed Replies (docket nos. 22, 33.) The parties also filed a Joint Statement of Resolved and Unresolved Issues regarding each Motion. (Docket nos. 23, 38.) The Motions have been referred to the undersigned for consideration. (Docket nos. 19, 29.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.      BACKGROUND

Plaintiff initiated this action under the Civil Rights Act, 42 U.S.C. § 1982, and the Fair Housing Act, 42 U.S.C. § 3613, on February 22, 2016. (Docket no. 1.) She claims that she was discriminated against on the basis of her race and familial status when, on May 28, 2015, she

applied for housing at the River Park Lofts and was allegedly told by the rental agent, Ms. Liz Telegadas, that the property has a "[n]o kids in this building policy," and that Plaintiff's son was a "little bit too young." (Docket no. 10 at 2–3.) Plaintiff alleges that she was fired from her job downtown because she could not find nearby housing. (*Id.* at 4.) She also alleges that the Fair Housing Center of Metropolitan Detroit deployed two "testers," who were similarly informed that children were not allowed to live at River Park Lofts. (*Id.* at 3–4.)

Plaintiff's first Motion to Compel (docket no. 18) pertains to Plaintiff's interrogatories and requests for production of documents. Plaintiff served these on Defendant on June 24, 2016. Defendant originally refused to respond to the interrogatories at all, objecting on the basis that Plaintiff's request exceeded the number allotted by Federal Rule of Civil Procedure 33(a)(1). On September 30, 2016, the parties filed their Joint Statement of Resolved and Unresolved Issues, indicating that Plaintiff would strike Interrogatory No. 24, and that Defendants would respond to all parts of Interrogatory Nos. 1-23 "within 14 days," or by October 10, 2016. (Docket no. 23 at 2–3.) Defendants, however, have not yet provided these responses (*see* docket no. 38 at 2) and the parties dispute whether Defendants have waived their right to make any specific objections to individual interrogatories.

As for the requests for production of documents, Plaintiff originally requested, among other documents, "applications, leases, rental agreements, criminal background checks, security deposits, and other receipts, correspondence, and notices of intent to evict" on all housing property/communities owned or operated by Defendants and any past or present members of the board of directors of Defendant Boydell Development, Inc., from May 28, 2012, to present. (Docket no. 23 at 2; *see also* docket no. 18-2 at 14–16 (Request for Production of Documents Nos. 1–5).) Defendant originally objected on the basis that each of Plaintiff's requests was

"overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific." (*See* Docket no. 18-2 at 14–16.) Defendant has since agreed to produce those documents as they pertain to the River Park Lofts, only, and not as to any other buildings or communities. (Docket no. 23 at 2.) Regarding the documents as they pertain to other buildings or communities, Defendants argue: "None of the documents Plaintiff requested sought information about the number of children residing in Defendants' property. Furthermore, Plaintiff's request was seeking documents from 2012 until present, which would be extremely burdensome for Defendants to produce." (Docket no. 21 at 8.)

Plaintiff's second Motion to Compel pertains to depositions of the rental agent at River Park Lofts, Ms. Liz Telegadas, and Defendant Dennis Kefallinos. (Docket no. 28.) Plaintiff contends that, despite being properly noticed through U.S. Mail and electronically, counsel for Defendants failed to produce the two witnesses for deposition. Defense counsel claims he never received the deposition notices through the mail, and presents an affidavit from his long-time office assistant, Ms. Lisa Bezzo, stating the same. (Docket no. 31-1.) He therefore argues that the depositions were not properly noticed, and that he was unaware the depositions were going to take place. (Docket no. 31 at 6–7.)

## II.    GOVERNING LAW & ANALYSIS

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of court, subject to certain exceptions. Fed. R. Civ. P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

## III.   ANALYSIS

### 1.   *Interrogatories*

According to the parties' Joint Statement of Resolved and Unresolved Issues (docket no. 23), the only issues remaining with regard to the interrogatories are whether Defendants have waived their right to make further objections (beyond their initial objection that Plaintiff served

4

too many interrogatories).  The Court finds Defendants have waived their right to raise further objections to the interrogatories.

As stated above, the interrogatories were served in June 2016.  Defendants' original objection pertained only to the number of interrogatories.  Thereafter, the parties agreed to an appropriate number of interrogatories, and Defendants agreed to produce their responses to the interrogatories by October 10, 2016.  (Docket no. 23.)  Although they agreed to do so over five months ago, Defendants have apparently still not provided responses, with any applicable objections, to Interrogatory Nos. 1–23.  They offer no excuses or explanations for their failure to produce the responses within the timeline they agreed upon, and the discovery deadline expired on January 31, 2017.  (*See* docket no. 27.)  Moreover, the undersigned has reviewed the interrogatories, and it is not readily apparent that they are inappropriate given Plaintiff's claims and the broad scope of discovery.  *See Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99-CV-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) ("To be sure, courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable.")  The Court will therefore order Defendants to provide responses, without objection, to Interrogatory Nos. 1–23.

2.  *Requests for Production of Documents*

According to the parties' Joint Statement of Resolved and Unresolved Issues (docket no. 23), the only issue that remains regarding Plaintiff's requests for production of documents is whether Defendants are required to produce documents relating to properties other than the River Park Lofts, for Plaintiff's Request Nos. 1-5.  (*Id.* at 2–5.)  As stated above, in their Response to Plaintiff's Motion to Compel, Defendants argue: "None of the documents Plaintiff requested

sought information about the number of children residing in Defendants' property.  Furthermore, Plaintiff's request was seeking documents from 2012 until present, which would be extremely burdensome for Defendants to produce."   (Docket no. 21 at 8.)   The Court rejects both arguments.

First, Plaintiff's Request No. 2 *does* ask Defendants to produce, "all documents which identify the name, address, telephone numbers, *age* and dates of occupancy, for all resident[s] or tenant[s] from May 28, 2012 to present," which clearly would reveal how many children are residing in any given apartment or loft.  (*See* docket no. 18-2 at 15 (emphasis added).)  Second, Defendants' argument that the production would be "extremely burdensome" is unconvincing. Defendants present no proof, or even argument, regarding the number of apartment buildings or communities they own or operate, the number of tenants they have, the number of people on waiting lists in their various properties, or the number of applications they typically receive in a month, or year.  Moreover, Plaintiff limits her requests to documents dating back to May 28, 2012, or three years prior to the date she allegedly attempting to apply for housing and was rejected.  This is a reasonable "look back" period.  Without some additional information or argument, the Court cannot conclude that Plaintiff's requests are overbroad or unduly burdensome.

Specifically with regard to Request No. 3, which seeks the production of "[a]ll waiting lists of prospective tenants, in each and every housing property/community owned or managed by you, or related documents prepared during the period from May 28, 2012 to present," Defendants also argue that "[p]rospective tenants have privacy rights and answering this request would infringe on those rights."  (Docket no. 18-2 at 15.)  The Court finds this argument unconvincing, as Defendant does not explain whether the waiting lists contain any sensitive

6

personal information about prospective tenants.  Nevertheless, to the extent Defendants' waiting lists contain sensitive personal information, such as a social security number, bank account numbers, or credit history, the Court will order Defendant to redact that information before producing it to Plaintiff.  Defendant shall not redact any dates of birth from any waiting lists.

Plaintiff also seeks an award of attorney fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).  The Court finds that Plaintiff is not entitled to attorney fees and costs because Defendants' position in opposition to Plaintiff's Motion to Compel, particularly with regard to the number of interrogatories, was substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

3.    *Depositions of Liz Telegadas and Defendant Dennis Kefallinos*

According to the parties' second Joint Statement of Resolved and Unresolved Issues (docket no. 38), Defendants have agreed to produce Ms. Telegadas and Defendant Kefallinos for a deposition, and the only remaining issue is whether Plaintiff is entitled to costs and attorney fees incurred in filing the Motion to Compel.  The Court finds Plaintiff is not so entitled, because counsel for Plaintiff did not attempt to confer in good faith with Defendants prior to filing the Motion to Compel regarding the depositions.

Defendants present some credible proof, the affidavit of Lisa Bezzo, that defense counsel never received deposition notices through the mail.  (Docket no. 31-1.)  And, the record establishes that while Plaintiff's counsel did email the notices to defense counsel, Defendants never consented to electronic service,[1] and Plaintiff's counsel never separately confirmed the depositions.  (Docket no. 28-3.)  On the morning Plaintiff's counsel scheduled the depositions to take place, January 5, 2017, Ms. Telegadas and Defendant Kefallinos did not appear.   Plaintiff's

---

[1] Federal Rule of Civil Procedure 5(b)(2) provides that a party may serve papers by electronic  means "if the person consented in writing."

counsel therefore contacted defense counsel's office and spoke to Ms. Bezzo, who told Plaintiff's counsel that defense counsel was in a facilitation and was not aware of the scheduled depositions.  (Docket no. 28 at 8.)  Plaintiff's counsel informed Ms. Bezzo that he would be filing the Motion to Compel.  The next day, without actually speaking to or otherwise communicating with defense counsel in an attempt to reschedule the depositions, Plaintiff's counsel filed the Motion to Compel.  (Docket no. 28.)  Under these circumstances, the Court finds that Plaintiff's counsel had no intention of attempting to resolve the scheduling issues concerning the depositions prior to filing the Motion, and should therefore not be awarded attorney fees and costs incurred in filing the Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [18] is **GRANTED IN PART** and **DENIED IN PART**.  Defendants shall respond to Interrogatory Nos. 1–23, without objection, within twenty-one (21) days of entry of this Opinion and Order.  Defendants shall also produce all documents identified in Request Nos. 1–5 within twenty-one (21) days of entry of this Opinion and Order.  Plaintiff's request for costs and attorney's fees is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [28] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff shall properly serve Defendants with new notices for the depositions of Ms. Telegadas and Defendant Kefallinos, to take place within thirty (30) days of entry of this Opinion and Order.  Plaintiff's request for cost and attorney's fees is **DENIED**.

<u>**NOTICE TO THE PARTIES**</u>

Pursuant to Federal Rule of  Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 16, 2017          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


### **PROOF OF SERVICE**

     I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated:   March 16, 2017          s/ Lisa C. Bartlett
                               Case Manager